UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REX HORTON                                              CIVIL ACTION

VERSUS                                                  NO. 19-12021

BP EXPLORATION & PRODUCTION, INC. ET AL.                SECTION "J" (2)

### FINDINGS AND RECOMMENDATION

Rex Horton was employed as a clean-up worker along the Alabama Gulf coast, where he also lived, after the BP/Deepwater Horizon explosion and oil spill on April 20, 2010. Complaint, Record Doc. No. 1. Plaintiff filed his complaint pursuant to the Back-End Litigation Option ("BELO") provisions of the BP/Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("Medical Settlement Agreement"). Record Doc. Nos. 6427-1 and 8218 in MDL No. 10-md-2179. As a member of the BELO settlement class, plaintiff seeks compensatory damages and related costs for later-manifested physical conditions that he allegedly suffered as a result of exposure to substances released after the oil spill. Record Doc. No. 1 at ¶ 3.

Plaintiff's former counsel filed a motion to withdraw as counsel of record on November 12, 2019, which was granted. Record Doc. Nos. 6, 7. In that motion, counsel noted that he had been unable to communicate with plaintiff either by phone or email, and wished to withdraw because he was unable to represent plaintiff effectively due to this lack of contact and cooperation. Record Doc. No. 6 at pp. 1–2. Additionally, counsel stated in his motion that he "spoke to plaintiff's wife . . . several weeks ago whereas [p]laintiff expressed

that he was overwhelmed and has not accepted calls since that conversation or responded to any attempts of contact." Id. at p. 1.

By order dated November 13, 2019, the court ordered plaintiff to appear for a show cause hearing on December 4, 2019, to discuss the status of his future representation and/or whether he intended to proceed in proper person. Record Doc. No. 8. Plaintiff was warned that failure to appear may result in a recommendation that his complaint be dismissed for failure to prosecute. Id. Plaintiff failed to appear on that date. Record Doc. No. 10.

Additionally, defense counsel has advised, Record Doc. No. 26126 in 10-md-2179 and Record Doc. No. 9 in the captioned case, that plaintiff has failed to provide initial disclosures as required by BELO Case Management Order No. 1. This failure is no doubt attributable to plaintiff's failure to communicate with his former counsel.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Hulsey v. Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas Cnty. Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. Cnty. of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474–75 (5th Cir. 1986). Since the plaintiff in this case is now in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).

A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris Cnty. Sheriff's Ofc., 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case. Plaintiff's failure to comply with the court's August 6, 2019 and November 13, 2019 orders, Record Doc. Nos. 3 and 8, coupled with his counsel's withdrawal due to plaintiff's complete failure to communicate with him, Record Doc. Nos. 6 and 7, clearly reflects a failure on the part of plaintiff to prosecute.

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within fourteen (14) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders. It is further suggested that

the plaintiff should also provide the court with the information requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## RECOMMENDATION

**IT IS RECOMMENDED** that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Rex Horton be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this \_\_\_5th\_\_\_ day of December, 2019.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.